UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

RODNEY L. SPITLER and
JANET I. SPITLER,

               Debtors.

_____/

Case No. 14-31693-dof
Chapter 12 Proceeding
Hon. Daniel S. Opperman

OPINION REGARDING DEBTORS' OBJECTION TO CLAIM OF J & A CONSTRUCTION

Introduction
and
Findings of Fact

This Opinion addresses the Proof of Claim No. 5 filed by J & A Construction in this case in the amount of $12,249.22. Debtors objected to the claim of J & A Construction, asserting that this claim should be disallowed in its entirety because "[c]reditor installed a metal roof improperly which will result in leaking due to improper cutting of the metal." The issue in this case is the extent of the metal roof damages, and whether the claim of J&A Construction should be reduced or disallowed accordingly.

The roof at issue was on a barn owned by Debtors, and construction commenced in October 2012. A Claim of Lien was filed by J&A Construction, dated and recorded on October 15, 2012. When Debtors did not make payments to J&A Construction, a state court action was commenced against both Debtors. Debtors did not appear or participate in the state court proceeding, and a default judgment was entered on March 6, 2013, in favor of J&A Construction, in the amount of $19,369.91 ("Default Judgment"). J&A Construction recorded a Judgment Lien as to both Rodney and Janet Spitler with the Shiawassee County Register of Deeds on March 11, 2014 ("Judgment Lien").

1

At the May 27, 2015, evidentiary hearing on this claim objection, both Rodney Spitler and Janet Spitler testified, as well as Jody Allen, the foreman of the project, and one of J&A Construction's employees, Dwayne Johnson. Rodney Spitler testified that he hired J&A Construction to replace the roof on his barn that apparently had been weather damaged for a few years and recently blew off. The Spitlers had an insurance claim for the damages. He left the project in the charge of J&A Construction, which employees measured the metal, but apparently, when the metal came, they had insufficient amounts of metal to complete the roof by having a sheet of metal go from the top to the bottom of the roof. Jody Allen explained the problem to Mr. Spitler and told him that there was an apparent problem with the measurements, and that it would take approximately two weeks to order the correct amount of metal to complete the project. As an alternative, Mr. Allen suggested that they use some remaining pieces of metal to have two sheets at various places with additional support under the seam. Mr. Spitler testified that he agreed to this because he did not want to wait an additional two weeks to replace the roof. Mr. Spitler testified that the roof leaked, but that the leak was at the peak that was capped, not where shorter pieces of metal were joined.

After the project was completed, the Spitlers did not make the agreed to payments to J&A Construction, so J&A Construction filed the indicated state court action and ultimately the Judgment Lien was recorded. Throughout the entire process, the testimony of all witnesses was that Janet Spitler was not involved in the negotiations, other than to sign off on the insurance check and, at best, was apparently a party to a short conversation with her husband and Mr. Allen, according to Mr. Allen's testimony.

Statement of Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) involving allowance or

disallowance of claims against the estate.

## Law

### Prima Facie Validity and Burden for Proofs of Claim

Federal Rule of Bankruptcy Procedure 3001(f) states:

> (f) Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

The objecting party to the claim has the burden of going forward and of introducing evidence sufficient to rebut the presumption of validity. The objection must have probative force equal to the contents of the claim. *In re Unimet Corp.*, 74 B.R. 156 (Bankr. N.D. Ohio 1987). The objecting party's burden is by a preponderance of the evidence. *California State Bd. Of Equalization v. Official Unsecured Creditors' Comm. (In re Fidelity Holding Co., Ltd.)*, 837 F.2d 696 (5th Cir. 1988). More than a mere unsubstantiated objection to form is required. *Garner v. Shier (In re Garner)*, 246 B.R. 617, 623 (B.A.P. 9th Cir. 2000). If the objecting party produces evidence to refute at least one of the allegations essential to the legal sufficiency of the claim, the burden of persuasion shifts back to the claimant. *In re Hughes*, 313 B.R. 205 (Bankr. E.D. Mich. 2004).

### Issue Preclusion–Collateral Estoppel and Default Judgments

While collateral estoppel is applicable in bankruptcy dischargeability proceedings, *see Grogan v. Garner*, 498 U.S. 279, 248, 111 S. Ct. 654, 658, 112 L. Ed. 2d 755 (1991), a bankruptcy court must determine whether applicable state law would give collateral estoppel effect to the state court judgment. *Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir. 1997). Under Michigan law, collateral estoppel has been defined by the Michigan Supreme Court:

> Collateral estoppel precludes the relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was 1) actually litigated and 2) necessarily determined.

*People v. Gates*, 434 Mich. 146, 154-55, 452 N.W.2d 627, 630 (1990). An issue may be considered "actually litigated" for collateral estoppel determinations if it "is put into issue by the pleadings, submitted to the trier of fact, and determined by the trier of fact." A trial is not necessarily required. *Latimer v. Mueller & Son, Inc.*, 149 Mich. App. 620, 640-41, 386 N.W.2d 618, 627 (1986). If an issue is essential to the judgment, it is "necessarily determined." *Gates*, 434 Mich. at 158.

"An issue is 'actually litigated' if it 'is put into issue by the pleadings, submitted to the trier of fact, and determined by the trier of fact.'" *Cresap v. Waldorf (In re Waldorf)*, 206 B.R. 858, 863 (Bankr. E.D. Mich. 1997) (citing *Latimer v. Mueller & Son, Inc.*, 386 N.W.2d 618, 627 (Mich. Ct. App. 1986)). "For collateral estoppel purposes, an issue may be 'actually litigated' without a trial." *Id*. (citing, *inter alia*, *Detroit v. Qualls* for the proposition that summary disposition decision qualified as "actually litigated"). Thus, parties "actually litigate[ ]" an issue by submitting to a Michigan state court on a summary disposition. Any issue submitted is "necessarily determined" by an order stating the court's decision on the motion. *Id*.

Default judgments from previous or parallel court proceedings may be accepted in Bankruptcy Court with the same effect and validity as any other type of rendered judgment. The Supreme Court of Michigan, quoting a Michigan Court of Appeals decision, recognized that " [a] default judgment is just as conclusive an adjudication and as binding upon the parties of whatever is essential to support the judgment as one which has been rendered following answer and contest.'" *Barnes v. Jeudevine*, 475 Mich. 696, 709-10, 718 N.W.2d 311 (2006) (quoting *Perry & Derrick Co., Inc. v. King*, 24 Mich. App.616, 620, 180 N.W.2d 483 (1970).

Analysis

The Court concludes that the Default Judgment at issue here should be given collateral estoppel effect. As such, the amounts stated in the Default Judgment are the amounts that should be paid by the Debtors to J&A Construction. Extending the Court's analysis, however, by accepting

the Debtors' arguments that the issue of collateral estoppel was waived by J&A Construction, the Court turns to review the evidence offered at the May 27, 2015, hearing. First, the Court finds Mr. Allen's testimony to be more credible than that of Rodney Spitler. Mr. Allen has years of experience in the roofing business and he explained why a leak could occur because of the design of the roof and not the construction of the roof. While Mr. Spitler may have been frustrated by the delay in obtaining the additional metal to complete the roof, the only testimony regarding the leak placed the leak at the peak of the roof, not where the metal was pieced together. According to the credible testimony of Mr. Allen, this leak was a very small leak and would have had nothing to do with the metal being pieced together to complete the project, which is what Debtors argue is the reason the claim should be disallowed. Accordingly, the Debtors have not met their burden to rebut the prima facie validity of the claim of J&A Construction.[1]

Accordingly, the Court overrules the objections of the Debtors to the claim of J&A Construction. J & A Construction is entitled to the full amount of its claim, filed as Proof of Claim 5, in the amount of $12,249.22.

**Not for Publication**

---

[1] The testimony of all witnesses supports the conclusion that Janet Spitler was not involved at all in the negotiations concerning this project. This was a contract between Rodney Spitler and J&A Construction. It appears that J&A Construction added Janet Spitler to the state court complaint so that it would have judgment lien, which attached to the Debtors' real property. While it may be doubtful that these facts are sufficient to establish a cause of action, the objection to claim procedure is not the proper method to adjudicate this issue. Any action to set aside the Default Judgment should be filed with the Court that entered the Default Judgment.

**Signed on September 10, 2015**

               /s/ Daniel S. Opperman
             Daniel S. Opperman
             United States Bankruptcy Judge